UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TANYA McLAIN WEEMS | CIVIL ACTION NO. 10-cv-1452 |
| VERSUS | JUDGE HICKS |
| JAMES DAVID HODNETT, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the court is Plaintiff's Motion for Leave to File Surreply. Doc. 38. Surreplies are heavily disfavored by courts. See, e.g., Sosna v. Bank of America, 2011 WL 1060966 (D. Kan. 2011); Tate v. Mail Contractors, 2011 WL 1380016 (W.D. N.C. 2011); Glass v. Lahood, 2011 WL 1930669 (D. D.C. 2011); Sims v. Paramount Gold and Silver Corp., 2010 WL 5364783 (D. Ariz. 2010); El Chico Restaurants v. Carroll, 2010 WL 2697293 (N.D. Tex. 2010); Aslani v. Sparrow Health Systems, 2009 WL 3711602 (W.D. Mich. 2009); Crane v. Memorial Hospital, 2009 WL 742567 (D. Utah 2009).

This court's experience, shared by others in reported decisions, is that surreplies often amount to little more than a strategic effort by the nonmovant to have the last word on a matter. See, e.g., In re Enron, 465 F.Supp.2d 687 (S.D. Tex. 2006); Lacher v. West, 147 F.Supp.2d 538 (N.D. Tex. 2001). The fourth brief usually just repeats arguments from the memorandum in opposition and serves only to delay resolution of the underlying motion. Accordingly, it is proper to deny a motion for leave to file a surreply where the party fails to demonstrate exceptional or extraordinary circumstances warranting the relief sought. Starr v. Cox, 2008 WL 1914286 (D. N.H. 2008); Lacher. 147 F.Supp.2d at 539-40. In other words,

in seeking leave to file a surreply brief, a party must identify the new issues, theories, or arguments which the movant raised for the first time in its reply brief. Harwood v. U.S., 2009 WL 2215080 (S.D. W.Va. 2009).

That should not happen often, because it is improper for the movant to sandbag and raise wholly new issues in a reply memorandum. The scope of the reply should be limited to addressing the arguments raised by the memorandum in opposition. Petty v. Portofino Council of Coowners, Inc., 702 F.Supp.2d 721, 729 n. 3 (S.D. Tex. 2010). "[A]rguments raised for the first time in a Reply brief are waived." Jones v. Cain, 600 F.3d 527, 541 (5th Cir. 2010), quoting Iteld, Bernstein & Assocs., LLC v. Hanover Ins. Group, 2009 WL 2496552, *4 (E.D. La. 2009).

Plaintiff's motion for leave sets forth no justification for filing the surreply, other than to note that when he filed the surreply (which was improperly contained within another memorandum), the clerk issued a Notice of Deficiency. That does not articulate the type of exceptional or extraordinary circumstances, that happen perhaps only a few times in a lawyer's career, that most courts require to allow the filing of a surreply. Accordingly, Plaintiff's Motion for Leave to File Surreply (Doc. 38) is denied.

A surreply was virtually unheard of in this division for many years. Leave to file one was requested no more than a couple of times each year, and then usually in extraordinarily complex litigation. In the past two years or so, however, there has been an explosion of requests to file surreplies, usually in a most ordinary case and where there is no real need to file a fourth brief, only a desire except to have the last word. Some lawyers appear to believe that surreplies are common and almost expected, but that is certainly not the case. Local

Rules 7.4 and 7.5 govern the briefing of motions, and they do not even provide for the filing of a reply brief. Accordingly, some judges do not allow a reply brief to be filed without leave of court, and requests for leave are frequently denied. Other judges, including the undersigned, provide in the Notice of Motion Setting that a movant may file a reply without leave of court. (The mounting requests to file surreplies may lead to reconsideration of that policy.) No rule or notice employed in this division permits the filing of a surreply.

The trend has reached the point that some "must have the last word" lawyers have even sought leave to file a *fifth* brief (the name for which has not yet been settled upon by the bar) to respond to a surreply. This must stop. The undersigned will no longer grant leave to file a surreply unless the requesting party points out the wholly new issues in the reply that demand a response or otherwise articulates exceptional or extraordinary circumstances.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of July, 2011.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE