UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TANYA McLAIN WEEMS                    CIVIL ACTION NO. 10-cv-1452

VERSUS                                JUDGE HICKS

JAMES DAVID HODNETT, ET AL            MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

**Background**

This is an action for damages arising from, among other things, false and defamatory statements allegedly made by Defendants.  Plaintiff alleges that Defendants made statements and spread false rumors that led to the suspension/revocation of Plaintiff's insurance license, Plaintiff's false arrest and imprisonment, and other significant personal and professional problems.

**Relevant Chronology**

The lawsuit was filed on August 13, 2010 (almost a year ago). Defendants' written discovery was propounded on January 24, 2011.  Motion to Compel, Exhibit A.  Following a long series of informal extensions of time to answer the discovery and two threats of a motion to compel (Exhibit B), Plaintiff tendered responses on April 19, 2011 (about 90 days later).  Exhibit C.  The discovery deadline is September 15, 2011 (about 45 days away).

**Defendant's Motion to Compel**

Before the court is Defendants' Motion to Compel.  Doc. 23.  The motion concerns interrogatories and requests for production propounded to Plaintiff seeking information regarding the false statements that Plaintiff contends were made by Defendants.  Defendants asked Plaintiff to identify each false statement that was made, and for each such false statement: who made the false statement; the date it was made; whether the false statement was written or oral; and to whom the statement was made.  Interrogatory 1.  With regard to any oral statements that were identified, Defendants also sought the identify of each person with knowledge that such communication occurred.  Interrogatory 2.

Defendants' request for production sought copies of any written communications (RFP 1), documents evidencing the oral communications (RFP 2), records submitted to the Department of Insurance, Department of Public Safety, or the District Attorney regarding Plaintiff (RFP 9), records from the administrative law hearing (RFP 10), records of communications with any insurer or insurance agent regarding Plaintiff during or following her employment with MCT (RFP 11), communications between Plaintiff and David Hodnett or any employee of MCT (RFP 14), communications between Plaintiff and certain insurance agencies (RFP 15), tape recordings of communications with David Hodnett or any employee of MCT (RFP 16), and correspondence from David Hodnett or any employee of MCT (RFP 17).

**Analysis**

**General Objections**

Plaintiff's responses are prefaced with seven "General Objections." These objections purport to object to "any and all" discovery requests "to the extent" the requests are "too vague, overly broad in time or scope, unduly vexatious or are burdensome and/or harassing;" or seek privileged or protected information, irrelevant information, information in the public domain, information otherwise available to Defendants, information previously provided to Defendants, or mental impressions, opinions, computations, calculations and projections.

General objections such as the ones asserted by Plaintiff are meaningless and constitute a waste of time for opposing counsel and the court. In the face of such objections, it is impossible to know whether information has been withheld and, if so, why. This is particularly true in cases like this where multiple "general objections" are incorporated into many of the responses with no attempt to show the application of each objection to the particular request.

Rule 26(g) requires each discovery request, response, or objection to be signed by at least one attorney of record. The rule imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37. Ace USA v. Union Pacific, 2010 WL 4629920 (D. Kan. 2010). The certification requires attorneys to stop and think about the legitimacy of a discovery request, response or objection. Id. If a certification violates Rule 26(g), appropriate sanctions must be imposed. Rule 26(g)(3).

Plaintiff's general objections violate the letter and spirit of Rule 26(g).  Plaintiff made no attempt to explain the applicability of the general objections to the discovery requests. In every response, Plaintiff asserted a general objection for privileged or proprietary information, yet Plaintiff does not explain (in a privileged document log or otherwise) what, if any, information was withheld.  Plaintiff knew how to assert specific objections at appropriate times:  In three instances (FRP 13, 14 and 17), Plaintiff followed her assertion of general objections with proper, specific objections that the requests were too vague and overly broad.

Based on the foregoing, the court deems Plaintiff's general objections waived and will decline to consider them as objections at all.   The court now turns to the particular responses at issue in the motion to compel.

**Interrogatory No. 1**

Plaintiff's response to Interrogatory 1 is 23 pages long.  It begins with the assertion of three general objections, which the court deems waived, and it contains a specific objection that the interrogatory is too vague and broad to be "safely and accurately responded to."  That objection is patently frivolous, and it is overruled.  The interrogatory asks for information about the allegedly false statements put at issue by the allegations of Plaintiff's lawsuit.  The interrogatory is entirely proper; the objection is not.

Plaintiff's response directs Defendants to David Hodnett's March 4, 2009 letter to the Insurance Department and 25 other communications that Plaintiff apparently contends were false. Many of Plaintiff's descriptions of these other communications are nonresponsive,

vague, and excessively argumentative.  The particular subparts challenged by Defendants and the court's ruling on each are set forth below.

1.2:    Granted.  Plaintiff shall set forth each oral statement in detail and the approximate date of each oral statement.

1.3:    Granted.  Plaintiff shall set forth each oral statement in detail and the approximate date of each oral statement.

1.4:    Granted.  Plaintiff shall set forth each oral statement in detail and the approximate date of each oral statement.  Plaintiff shall also identify the particular clients to whom the statements were made.

1.5:    Denied.

1.6:    Granted.  Plaintiff shall set forth each statement in detail and the approximate date of each statement.  Stating what Hodnett "inferred"(or implied) is not responsive. Plaintiff shall also identify the particular persons to whom the statements were made and the date of each statement. If Plaintiff cannot point to a specific statement, Plaintiff shall say so.

1.7:    Denied.

1.8:    Denied.

1.9:    Denied.

1.10:    Granted in part.  Plaintiff shall identify the particular persons to whom the statements were made and the date of each statement.

1.11:   Granted.  Plaintiff shall set forth each statement in detail and the approximate date of each statement.  Stating that Hodnett "led the Department of Insurance to believe" something is not responsive. Plaintiff shall also identify the particular persons (within the Department) to whom the statements were made and the date of each statement. If Plaintiff cannot point to a specific statement, Plaintiff shall say so.

1.12:   Granted.  Plaintiff shall set forth each statement in detail and the approximate date of each statement.  Stating that Hodnett "led the Department of Insurance to believe" something is not responsive. Plaintiff shall also identify the particular persons (within the Department) to whom the statements were made and the date of each statement. If Plaintiff cannot point to a specific statement, Plaintiff shall say so.

1.13:   Granted.  This response is perhaps the most egregious of the bunch.  Rather than specifying the false statements, Plaintiff states: "Mr. Hodnett would have the Department of Insurance believe that Ms. Weens was stealing from MCT...." Plaintiff goes on to argue that Plaintiff's actions "showed a diligence in collecting money...." Plaintiff is ordered to set forth each statement in detail and the approximate date of each statement. Plaintiff shall also identify the particular persons (within the Department) to whom the statements were made and the date of each statement.  If Plaintiff cannot point to a specific statement, Plaintiff shall say so.

1.14:   Granted.  Stating that Hodnett "presented a picture of Ms. Weems being an unsavory employee..." does not answer the interrogatory.  Plaintiff is ordered to set forth each statement in detail and the approximate date of each statement. Plaintiff shall also

identify the particular persons to whom the statements were made and the date of each

statement.  If Plaintiff cannot point to a specific statement, Plaintiff shall say so.

1.15:   Denied.

1.17:   Granted.  This answer is pure argument.  It has no place in a response to an

interrogatory.  Plaintiff is ordered to set forth each statement (or "representation") in

detail and the approximate date of each statement. Plaintiff shall also identify the

particular persons to whom the statements were made and the date of each statement.

If Plaintiff cannot point to a specific statement, Plaintiff shall say so.

1.18:   Denied.  Much of the answer is improper argument, but the court finds that the gist

of the response sufficiently answers the interrogatory.

1.19:   Granted.  Stating that Hodnett "accused" Ms. Weems of issuing policies without

collecting money does not answer the interrogatory.  Plaintiff is ordered to set forth

each statement in detail and the approximate date of each statement. Plaintiff shall

also identify the particular persons to whom the statements were made and the date

of each statement.  If Plaintiff cannot point to a specific statement, Plaintiff shall say

so.

1.20:   Granted.  Stating what Hodnett "contended" does not answer the interrogatory.

Plaintiff is ordered to set forth each  statement in detail and the approximate date of

each statement. Plaintiff shall also identify the particular persons to whom the

statements were made and the date of each statement.  If Plaintiff cannot point to a

specific statement, Plaintiff shall say so.

1:22:  Denied.

1:23:  Denied.

1:25:  Granted in part.  Plaintiff shall forth the date of each such representation.

1.26:  Granted.  Stating that Hodnett "supplied information" and "contended" does not answer the interrogatory.  Plaintiff is ordered to set forth each statement in detail and the approximate date of each statement. Plaintiff shall also identify the particular persons to whom the statements were made and the date of each statement.  If Plaintiff cannot point to a specific statement, Plaintiff shall say so.

**Interrogatory No. 2**

This interrogatory asks Plaintiff to provide, with respect to each oral communication identified in response to Interrogatory No. 1, the particular communication referenced and any person with knowledge that such communication occurred.  This interrogatory is redundant of Interrogatory No. 1, and the last phrase is (in the context of this case) overly broad.  However, Plaintiff did not specifically object on either basis (and her General Objections are deemed waived).  Accordingly, the motion is granted as to this interrogatory as follows.

2.1:  Granted in part.  Plaintiff shall identify the Commission Attorney.

2.2:  Denied.

2.3:  Granted in part.  Plaintiff shall identify the "untruths" told by Hodnett to Plaintiff's clients.

2.4:  Denied.

2.5:     Granted in part.  Plaintiff shall specifically identify the false statements in Hodnett's deposition.

**Requests for Production of Documents**

1:     Granted.  Plaintiff's General Objections are deemed waived.

2:     Granted.  Plaintiff's General Objections are deemed waived.

9:     Denied.

10:     Granted in part as follows.  Defendants are entitled to a copy of the audio recording of the proceeding in Plaintiff's possession.  Plaintiff and Defendants shall select a local copy service to make a copy.  Defendants shall pay the cost of making the copy.

11:     Granted.  Plaintiff's General Objections are deemed waived.

14:     Denied.  Plaintiff's specific objection is sustained.

15:     Granted.  Plaintiff's General Objections are deemed waived.

16:     Denied.   While Plaintiff's General Objections obscure her response, Plaintiff affirmatively represents that she has no such tape recordings.

17:     Denied.  Plaintiff's specific objection is sustained.

**Plaintiff's Request for a Protective Order**

In her opposition brief (Doc. 32), Plaintiff asked for the issuance of a protective order to avoid having to respond to Defendant's "contention interrogatories or requests" until Plaintiff has had a reasonable amount of time to conduct discovery.  That request is denied. The written discovery discussed above essentially asked Plaintiff to identify and produce the alleged false statements.  In most instances, instead of answering the question, Plaintiff's

responses were evasive, argumentative, or conclusory.  Plaintiff has had ample time to determine which statements she believes are false and which are not.  See Chronology, above.  The request for a protective order is denied.

**Supplemental Responses and Production**

The scheduling order deadlines are fast approaching.  Plaintiff's supplemental responses and production are due by **August 8, 2011**.

**Sanctions**

Defendants did not request sanctions in connection with the motion to compel. Accordingly, none – except for deeming the General Objections waived – are imposed.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of July, 2011.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE